IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**SAMUEL RICARDO HATCHER, JR.,**

    Petitioner,

v.                                                                                           Civil Action No. **3:11CV579**

**GENE M. JOHNSON,**

    Respondent.

## REPORT AND RECOMMENDATION

Samuel Ricardo Hatcher, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of mandamus. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1651.

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States,* 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Analysis

In his petition for a writ of mandamus Hatcher names the Director of the Virginia Department of Corrections as the respondent. Hatcher contends that the Director of the Virginia Department of Corrections is improperly detaining him in the Virginia Department of Corrections. Hatcher "request[s] that a hearing can be held and that the Courts show cause why the defendant is still in custody with the Virginia Department of Corrections and not released pending a new hearing in The State Courts." (Pet. Writ Mandamus 2.)

This Court lacks jurisdiction to grant mandamus relief against state officials or other non-federal employees.[1] *See Davis v. Lansing,* 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Super. Ct. of Mecklenburg Cnty.,* 411 F.2d 586, 587 (4th Cir. 1969). It is therefore RECOMMENDED that this petition for a writ of mandamus be DENIED and the action be DISMISSED as legally frivolous.

Petitioner is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should

---

[1] By Memorandum Opinion and Order entered on January 10, 2011, the Court denied a 28 U.S.C. § 2254 petition by Hatcher challenging his Virginia rape conviction. *See Hatcher v. Johnson,* No. 3:10CV008-HEH, 2011 WL 102718, at *3 (E.D. Va. Jan. 10, 2011).

be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Petitioner.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 4-24-12
Richmond, Virginia